Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| DARYSABEL PÉREZ MEDINA Y OTROS<br><br>Peticionaria<br><br>v.<br><br>MAYDA J. PÉREZ MEDINA Y OTROS<br><br>Recurrida | KLCE202400818 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Sobre: Injunction, Aceptación a Beneficio de Inventario y División de Comunidad de Bienes Hereditarios<br><br>Caso Número: CG2019CV00451 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de septiembre de 2024.

Las peticionarias, Darysabel Pérez Medina, Glomir M. Pérez Flores y Lixzaliz Pérez Medina, comparecen ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Caguas, el 17 de mayo de 2024. Mediante la misma, el foro primario resolvió que las peticionarias tuvieron amplia oportunidad de deponer a la señora Ermelinda Rivera Ramos, y que, contrario a lo dispuesto en las Reglas de Procedimiento Civil, su representante legal optó por dar por terminada la deposición ante una discrepancia sobre preguntas relacionadas a un posible perjurio. Lo anterior, dentro de una demanda sobre división de comunidad de bienes hereditarios incoada en contra de los aquí recurridos, Mayda J. Pérez Medina, Juan L. Pérez Medina, Luis A. Pérez Rivera y Ermelinda Rivera Ramos.

Por los fundamentos que expondremos a continuación se deniega la expedición del auto de *certiorari* solicitado.

**I**

Las peticionarias recurren de un dictamen interlocutorio notificado el 17 de mayo de 2024. En virtud de dicho pronunciamiento, el Tribunal de Primera Instancia dispuso que estas tuvieron amplia oportunidad de deponer a la recurrida Ermelinda Rivera Ramos, con quien su causante, alegadamente, mantenía una comunidad de bienes. El foro de origen resaltó que el representante legal de las peticionarias, contrario a lo dispuesto en las Reglas de Procedimiento Civil, 32 LPRA Ap. V, optó por dar por terminada la deposición en controversia, ante una discrepancia sobre el alcance del interrogatorio que se estaba llevando a cabo. Las peticionarias solicitaron la reconsideración de lo resuelto, requerimiento que se les denegó.

Inconformes, el 29 de julio de 2024, las peticionarias comparecieron ante nos mediante el presente recurso de *certiorari.* Procedemos a expresarnos a tenor con la norma que dispone de su trámite en alzada.

**II**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop*, 183 DPR 580, 594 (2011). En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos

o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el

auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 593; *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de

los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

**III**

Tras entender sobre el recurso de autos, hemos advertido que la causa de epígrafe versa sobre una determinación judicial de carácter interlocutorio, propia a la discreción del juzgador de hechos y a la adecuada tramitación de un caso. Al examinar el dictamen en controversia, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra*, se desprende que el mismo no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari*. Mediante su comparecencia, las peticionarias proponen que intervengamos en un asunto relacionado al descubrimiento de prueba, materia que, como norma, queda excluida del ejercicio de nuestras facultades en esta etapa de los procedimientos.

El alcance de nuestra autoridad en recursos como el de autos está expresamente delimitado por el ordenamiento civil vigente. Además, las peticionarias no demostraron que, de no actuar respecto a su solicitud ante nos, habría de producirse un fracaso a la justicia. En este contexto, destacamos que la expedición de un recurso de *certiorari* es un asunto sujeto al ejercicio discrecional de las funciones que, mediante ley, fueron arrogadas a este

Tribunal. La ejecución de dicha reserva de criterio está delineada por lo dispuesto en la Regla 40, *supra,* disposición que nos invita a actuar de manera juiciosa en cuanto a las determinaciones interlocutorias recurridas, de modo que no intervengamos, sin justificación alguna, con el curso de los procedimientos en el tribunal de origen. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que, en el más sano quehacer de justicia, este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones